**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Woodrow W. SHIVER, Defendant-Appellant.**

No. 26723.

United States Court of Appeals Fifth Circuit.

Aug. 21, 1969.

James H. Fort, Columbus, Ga., court appointed for appellant.

Woodrow W. Shiver, pro se.

Floyd M. Buford, U. S. Atty., Macon, Ga., Manley F. Brown, D. L. Rampey, Jr., Asst. U. S. Attys., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, GODBOLD, Circuit Judge, and CABOT, District Judge.

CABOT, District Judge:

The appellant, Woodrow W. Shiver, was convicted in the District Court for the Middle District of Georgia of receiving and concealing a stolen motor vehicle which was moving in interstate commerce, knowing the same to have been stolen, in violation of 18 U.S.C. § 2313, the Dyer Act.

The issues before this court are (1) whether police reports together with insurance company records were properly admitted into evidence under 28 U.S.C. § 1732, the Federal Business Records Act, and (2) if not properly admitted, whether there remains sufficient legal proof of the necessary element that the car had been stolen to sustain the conviction. In this latter consideration, the proof being circumstantial, it must be determined from the record whether there is any theory of the evidence from which the jury, in finding the defendant guilty, might have excluded every reasonable hypothesis except guilt beyond a reasonable doubt. Odom v. United States, 377 F.2d 853 (5 Cir.1967).

The evidence presented by the government at trial can be categorized into two groups. The first body of proof was introduced for the purpose of showing that the vehicle in question was in fact stolen. The evidence on this point consisted of a police report indicating that the vehicle was reported stolen and records from the insuror indicating that it had paid the owner for the loss of the vehicle. These records were made in the ordinary course of business. The police report was identified at trial by a detective of the police department, witness O'Connor, and the insuror's records were identified by an insurance adjuster, Lee Railey, neither of whom had any personal knowledge of the theft. Detective O'Connor also produced a certified copy of title to the automobile showing the owners, who did not appear at trial, to be Harry and Becky Snell. Finally, there was a statement made at the trial by Sam Featherstone, Jr., a Columbus, Georgia, detective that his investigation revealed that the car was "stolen out of Miami Beach, Florida." This testimony was admitted without objection.

The second body of proof consists of a series of factual circumstances which the government contends satisfies the standards for circumstantial evidence set forth in Odom, supra. The government asserts that this evidence, even when viewed alone, indicates beyond a reasonable doubt and to the exclusion of all other reasonable hypotheses that the car was in fact stolen and that the defendant knew it to be stolen. This evidence is that the defendant was in possession of the vehicle two days after it was reported stolen, that the defendant claimed to have won the car in a gin rummy game, that the identification number on the bill of sale differed from the one imprinted on the vehicle, that the defendant did not receive a certificate of title but only a bill of sale from the seller, that the defendant persuaded his brother to unlawfully obtain Alabama tags for the car, and finally, that the vehicle was not listed on a bankruptcy schedule filed subsequent to its acquisition.

With respect to the first body of proof it is appellant's contention that the introduction of the various records was error, constituting inadmissible

hearsay. The government contends that the records were properly admitted pursuant to 28 U.S.C. § 1732, the Federal Business Records Act. The purpose of the Act is to provide, as an exception to the "hearsay" rule, an acceptable substitute for the specific authentication of records kept in the ordinary course of business. Phillips v. United States, 356 F.2d 297 (9 Cir.1965). The underlying rationale permitting the exception is that business records have the "earmark of reliability" or "probability of trustworthiness," since they reflect the day to day operations of the enterprise and are relied upon in the conduct of business. Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 480, 87 L.Ed. 645; Central Railroad Co. of New Jersey v. Jules S. Sottnek Co., 258 F.2d 85 (2 Cir.1958). Moreover, an additional purpose of the Act is to permit the business record to be introduced into evidence in substitution for the testimony of the person making the record. United States v. New York Foreign Trade Zone Operators, Inc., 304 F.2d 792 (2 Cir.1962).

In applying the Act to a case remarkably similar to this one, the Sixth Circuit, in United States v. Graham, 391 F.2d 439 (6 Cir.1968), recognized that police reports are business records under the Act, but pointed out that such a conclusion was not determinative of whether the reports were properly admitted for the purpose tendered, that is, whether a police report reflecting that a car was reported stolen can be admitted to establish that the car was in fact stolen. The court held that a police report is not admissible under the Act for the purpose of establishing the truth of the matter asserted, though it would be admissible as proof that the car to which it referred had been *reported* stolen. There, as here, the owners did not testify. The court's conclusion in *Graham* was based in part upon the reasoning contained in Yates v. Blair Transportation, Inc., 249 F.Supp. 681, 683 (S.D.N. Y.1965). *Yates* pointed out that the mere recordation of the statements imports no guaranty of the truth of the statements themselves and that there is no reason for supposing that the Act intended to make admissible hearsay of this sort. The trial judge must exercise caution to be sure that a document offered under this statute has an inherent probability of trustworthiness. Central Railroad Co. of New Jersey v. Jules S. Sottnek Co., supra.

The police report and the insurance company records were introduced and admitted to show that the vehicle was in fact stolen. This was necessarily the case since the owners failed to appear at trial and offer direct testimony on this issue. Moreoever, there is no doubt that the maker of the entries could not have testified to what the owner told him. The records constituted hearsay and were not admissible by virtue of the Federal Business Records Act or any other recognized exception to the "hearsay" rule, to show that the car was stolen.

■ The statement made by Columbus, Georgia, Detective Featherstone that his investigation revealed that the car was stolen out of Miami Beach, Florida, was admitted without objection, though it is pure hearsay, since he could not have known the facts of his own knowledge. This testimony presents the problem of considering the weight to be given to hearsay evidence admitted without objection.

The general rule is that such hearsay evidence may properly be considered in determining the facts, but the authorities are in disagreement as to the weight to be given it. 79 A.L.R.2d 890, 897. The rule followed in this circuit is that such evidence is to be given its natural probative effect as if it were in law admissible. Daniel v. United States, 234 F.2d 102 (5 Cir.1956).

■ Here we are confronted with an unsupported statement by a Georgia detective who could not of his own knowledge have known whether the car was stolen, indicating that his Georgia investigation revealed the car to be stolen from Miami Beach, Florida. This bare

conclusory statement, when given its natural probative effect, as in *Daniel,* supra, cannot be, and in fact is not, determinative of whether the car was stolen.

■ Turning to the second point, it is recognized that in order for a reviewing court to sustain a conviction based upon circumstantial evidence, it must appear from the record that such evidence, when viewed in the light most favorable to the government, presents some theory from which the jury might have excluded every reasonable hypothesis except guilt beyond a reasonable doubt. *Odom,* supra. Suffice it to say that the circumstances relied upon by the government, together with all reasonable inferences arising therefrom, preclude such a finding.

■ The police reports and insurance company records were improperly admitted under the Federal Business Records Act or any other recognized exception to the "hearsay" rule for the purpose of establishing the necessary element that the car was stolen, and the remaining circumstantial evidence is insufficient to prove this element. Thus, the conviction cannot be sustained.

Reversed and remanded for a new trial.