436 F.2d 838
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel C. BLACK, Defendant-Appellant.
No. 29680 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 15, 1971.
 
 Neil L. Heimanson, Atlanta, Ga. (Court-appointed), for defendant-appellant.
 John W. Stokes, Jr., U.S. Atty., Robert L. Smith, Robert E. Whitley, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel C. Black appeals from a jury conviction under the Dyer Act,18 U.S.C. 2313, for knowingly concealing a stolen motor vehicle which was moving in interstate commerce. We reverse the conviction on the basis that prejudicial hearsay evidence was admitted to prove one of the elements of the offense.
 
 
 2
 At the trial below the government presented testimony that a bronze 1968 Oldsmobile Toronado bearing an Alabama license plate had been taken from its rightful owner after being repaired at a garage in Birmingham, Alabama. Approximately one month later this same vehicle was located in Atlanta, Georgia, carrying a Florida license plate and in the possession of appellant. Despite objection from appellant's counsel, an Atlanta police officer, Charles B. Wooster, testified concerning his investigation of the Florida license plate. Wooster told the jury that he sent a teletype to the Florida License Bureau in Tallahassee, requesting information on the Florida tag and received a reply teletype which stated that the license plate was registered for a 1961 Dodge under the name of Donald Pollock.[1] In this manner evidence was introduced to the effect that not only was the license plate found on the stolen Oldsmobile different from the original Alabama plate but it was also a tag which was legally registered to another car.
 
 
 3
 Since Officer Wooster was allowed to testify as to what he heard from the license bureau, his statements were beyond doubt, inadmissible under the hearsay rule,[2] leaving this court with the sole issue of whether appellant's rights were substantially prejudiced by the erroneous evidence. Rule 52(a), Federal Rules of Criminal Procedure, U.S.C., Title 18.
 
 
 4
 That the error here was substantially prejudicial is readily apparent in view of the fact that one of the elements charged in the indictment and necessary to the government's case was concealment of the stolen vehicle.[3] Had the jury found that appellant made no effort to conceal the automobile from discovery by its owner, a verdict of not guilty would have necessarily resulted. As the district judge so aptly stated in his instructions to the jury:
 
 
 5
 'There are two essential elements required to be proved in order to establish the offense charged in the indictment.
 
 
 6
 'The first, the act or acts of concealing or causing to be concealed a stolen motor vehicle * * *.
 
 
 7
 'Ordinarily you might say that concealing means to take any step or do anything to prevent the discovery of the automobile in question by the true owner thereof.'
 
 
 8
 The inadmissible testimony put before the jury evidence that the license plate attached to the stolen Oldsmobile actually belonged to a Dodge and created the obvious inference that appellant either switched tags on the two cars or stole a tag in an attempt to conceal the identity of the Oldsmobile. Although the government sufficiently established that the original Alabama plate was removed by someone and replaced with a Florida tag, there was absolutely no evidence, absent the hearsay testimony, from which the jury could have concluded that the Florida tag was not the one legally issued for the Oldsmobile. Thus the illegal evidence prejudiced appellant by lending considerable strength to the government's burden of proving concealment and,
 
 
 9
 'One of the main considerations in deciding if substantial prejudice exists because of the introduction of hearsay material is the strength of the government's case independent of the hearsay.' United States v. Press, 2 Cir., 1964, 336 F.2d 1003, 1013.
 
 
 10
 Finding no merit in any of appellant's other contentions, we conclude that he is entitled to a new trial because hearsay evidence was used to prove an element of the government's case. The judgment of the district court is therefore
 
 
 11
 Reversed and remanded.
 
 
 
 [1]
 An examination of the record reveals that the teletype itself was never introduced into evidence-- Officer Wooster merely testified as to what was said in the document. However, even the teletype would have been inadmissible unless accompanied by an appropriate sponsor from the Florida License Bureau. Wooster's testimony was therefore double hearsay since he was relating what was stated in a document which was itself based on what someone else had said. See United States v. Johnson, 5 Cir., 1969, 413 F.2d 1396
 
 
 [2]
 At the heart of the hearsay rule is the policy against depriving a party of his right to cross-examine a witness. 5 Wigmore on Evidence, 1362, 3rd ed., 1940. The application of this policy is obvious in the instant case where appellant was denied an opportunity to question the accuracy and thoroughness of the procedures used by the Florida License Bureau in supplying information on automobile registration
 See also United States v. Johnson, supra, where this circuit held testimony erroneously admitted as hearsay when an agent of the F.B.I. was allowed to testify that he sent the vehicle identification number to a computer center which returned a report that the car was stolen.
 
 
 [3]
 See United States v. Shiver, 5 Cir., 1969, 414 F.2d 461, where the court held that:
 'The police reports and insurance company records were improperly admitted under the Federal Business Records Act or any other recognized exception to the 'hearsay' rule for the purpose of establishing the necessary element that the car was stolen.' 414 F.2d at 464.