**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Owen LONG,
Defendant-Appellant.**

No. 77–5789
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Richard Owen Long, pro se.

Steven D. Tipler, Birmingham, Ala. (Court-appointed), for defendant-appellant.

J. R. Brooks, U. S. Atty., Shirley I. McCarty, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, and COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

A jury found Richard Long guilty of one count of transporting a stolen truck and one count of disposing of this truck, in violation of 18 U.S.C. §§ 2312, 2313 (Dyer Act),[1] and the District Court Judge imposed two concurrent four-year sentences. Long appeals from this unusual double-whammy judgment of conviction under the Dyer Act,[2] contending that the Court below erred in failing to grant a judgment of acquittal on the ground that the Government did not meet its burden of proof; that the Court improperly admitted hearsay testimony as to the contents of a National Crime Information Center report; and that the Court erred in refusing to subpoena two witnesses at Government expense. We affirm.

On April 25, 1977, a 1973 white Chevrolet truck owned by the Iodent Chemical Company of Commerce, California, was reported as stolen. According to the bill of sale, the truck's Vehicle Identification Number (VIN) was CCE613V131623. On May 18, Officer Webb of the Birmingham, Alabama police department was sent to investigate a white Chevrolet truck, without a license tag, that had been left on the property of the Gaston Energy Resources company, a strip mining concern. The officer copied the VIN and sent it to the National Crime Information Center (NCIC). At the trial, Officer Webb testified over objection that the NCIC reported the truck as listed as stolen from California. The truck was then taken to a wrecker service, where it was examined by two other law enforcement officers, one of whom testified that of two fingerprints taken from the truck, one matched Richard Long's.

On April 24, 1977, Richard Long registered at a hotel in Arizona with his wife and a woman later identified as a friend of his wife's. The hotel records indicate that Long was traveling in a Chevrolet truck with Alabama license plates. Later in April, Long, his wife, and her friend arrived at the Birmingham home of one Bobby Ray Morgan, who had been expecting Long to move to Alabama. Long arrived with a white truck containing household goods and a car, and a Volkswagen that belonged to his wife's friend. Long later drove the truck to Gaston Energy Resources, where Morgan was employed, removed the car from the truck, and left the truck, which was used as a storage area by Gaston personnel. Morgan was fired in May and left without taking the truck. When Gaston

---

1. 18 U.S.C. § 2312 states:

    Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

    18 U.S.C. § 2313 states:

    Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. See *United States v. Jones*, 5 Cir., 1970, 421 F.2d 175, 176.

noticed that the truck had no tags, he reported it to the police. The police and FBI investigated, interviewed Long and Morgan, and arrested Long in July.

Long's first appellate argument is that the Government did not establish a sufficiently strong link between the truck left at the Gaston Energy Resources and the truck reported stolen from the Iodent Chemical Company of California to sustain a conviction for either interstate transportation or abandonment of a stolen vehicle. We have reviewed the record and hold that the District Court Judge correctly denied the appellant's motion for a judgment of acquittal on this ground.

The standard of review we follow is clear:

> On appeal, the denial of a judgment of acquittal will be upheld if the court is satisfied that a reasonably-minded jury, considering the evidence in a view most favorable to the government, could have concluded that the evidence was consistent with guilt and, in circumstantial evidence cases, inconsistent with every reasonably hypothesis of innocence. *United States v. Edwards*, 5 Cir. 1974, 488 F.2d 1154, 1157.

*United States v. Marable*, 5 Cir., 1978, 574 F.2d 224, 229. The elements of the two crimes are also clear and well established. See, e. g., *United States v. King*, 5 Cir., 1970, 425 F.2d 1163 (§ 2312); *United States v. Johnson*, 5 Cir., 1974, 489 F.2d 139; *United States v. Stephens*, 5 Cir., 1978, 569 F.2d 1372 (§ 2313).

■ The only element challenged by the appellant as insufficiently proved is the requirement that the stolen vehicle and the vehicle traced to the accused be identical. *United States v. Bryant*, 5 Cir., 1974, 490

F.2d 1372, 1375. At the trial, Officer Webb testified that the blurred condition of his handwritten report left him uncertain as to whether the last three digits of the VIN he took from the truck were "123" or "623." Long attempts to argue from this that the Government did not sufficiently prove the truck lost was also the truck found. However, the truck was later examined by the FBI and the VIN was noted as ending with the digits "623," the same numbers as those on the bill of sale for the truck reported stolen in California. The slight and temporary uncertainty over the identity of the VINs is insufficient to overcome the otherwise ample proof that the truck traced to Long in Alabama was the same that was stolen in California, and that he transported it knowing this fact.[3]

■ Long's second appellate argument is that Officer Webb's testimony as to the contents of the NCIC report, which matched the truck located in Birmingham with that stolen in California, was inadmissible hearsay. We decline to reverse the conviction on this ground for the same reason that we rejected Long's first challenge—the ample evidence linking the recovered and the stolen vehicle. The NCIC report is hearsay and does not fall within the Federal Business Records Act or any other recognized exception to the hearsay rule, *see United States v. Johnson*, 5 Cir., 1969, 413 F.2d 1396. However, it was not admitted as direct evidence of a necessary element of the crime,[4] and given the plethora of other evidence that the truck was stolen, was not prejudicial to the defendant.[5]

■ Finally, Long urges that the District Court erred in following the Magistrate's

---

**3.** Long told Morgan that the truck was "hot." T. at 76.

**4.** See *United States v. Shiver*, 5 Cir., 1969, 414 F.2d 461, where the Court held that:

> "The police reports and insurance company records were improperly admitted under the Federal Business Records Act or any other recognized exception to the 'hearsay' rule *for the purpose of establishing the necessary*

*element that the car was stolen."* 414 F.2d at 464. (Emphasis supplied.)

**5.** See *United States v. Black*, 5 Cir., 1971, 436 F.2d 838, 840, *quoting United States v. Press*, 2 Cir., 1964, 336 F.2d 1003, 1013:

> One of the main considerations in deciding if substantial prejudice exists because of the introduction of hearsay material is the strength of the government's case independent of the hearsay.

recommendation that it was not necessary to subpoena two of the witnesses requested by the defendant.[6] We have recently set forth the standards that govern the District Court's discretion in considering Rule 17(b) requests for subpoenas.[7] *United States v. Pitts*, 5 Cir., 1978, 569 F.2d 343, 348–49, *quoting Welsh v. United States*, 5 Cir., 1968, 404 F.2d 414, 417:

> " * * * if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous."

In applying this standard, the trial judge is to weigh several factors, including the materiality of the witness's testimony to the defendant's case. Long did not make a sufficiently strong showing that the expected testimony was necessary to his defense to allow us to hold that the District Court abused its discretion in refusing to grant the requested subpoenas.[8]

AFFIRMED.

---

6. Long requested that six witnesses be subpoenaed; the magistrate ordered that subpoenas be issued for two of the individuals named, refused to subpoena two on the ground that they had already been ordered to appear, and refused to subpoena two others on the ground that their testimony would not be material to the defense. Only the last two are involved in this appeal.

7. F.R.Crim.P. 17(b) provides:

(b) **Defendants Unable to Pay.** The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of

the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

8. The witnesses were expected to testify that one had built Long a bracket, and the other had lent Long a tow bar, to use to tow his car to Birmingham in February 1977. Long argues that this would refute the Government's contention that he carried the car to Alabama inside the stolen truck in April. We fail to see how the Government's charge is precluded or contradicted by the expected testimony.