

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00393-CR
_____

RAMON CASTILLO-SALGADO,
A/K/A RAMON CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 4682, Honorable Ron Enns, Presiding

_____

July 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Ramon Castillo-Salgado a/k/a Ramon Castillo appeals his conviction for aggravated sexual assault of a child[1] and resulting prison sentence of fifteen years. Through one issue he complains of trial court rulings pertaining to his attempts to impeach the child's mother as a witness. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013).

## Background

Because appellant does not challenge the sufficiency of the evidence, we will recite only those background facts necessary for the disposition of the appeal.

Appellant was indicted and tried by jury on the charge of sexually assaulting S.O., a child younger than age fourteen. P.O.C. is the mother of S.O. and the wife of appellant. Appellant is not the father of S.O.

P.O.C. was not the outcry witness, but she was a witness for the State. During trial, at a hearing outside the presence of the jury, appellant's counsel asked P.O.C., "were you convicted of an offense in the state of Oklahoma?" She replied, "No, I wasn't." P.O.C., who appeared without counsel, speaks broken English. Her exchange with defense counsel continued. P.O.C. stated, "That's just what I remember that I wasn't guilty. The last court, that's what they say."

After some discussion among defense counsel, the prosecutor and the court, defense counsel continued his examination of P.O.C. He asked her if she had obtained a "false birth certificate." At the State's request, the court then admonished P.O.C. of her Fifth Amendment rights. This was done directly and through an interpreter. Defense counsel continued his questioning, asking P.O.C. again about a false birth certificate, then asking her if she had "driver's licenses from more than one state." She denied having either. When counsel asked her if she had "driver's licenses in names other than your own showing your birth date," P.O.C. invoked her Fifth Amendment right to refuse to answer. With that, the proceeding recessed for the day.

The next morning, the hearing outside the presence of the jury resumed. Defense counsel put to P.O.C. the question, "[In February or March 2006], were there charges filed against you in Guymon, Oklahoma?" When P.O.C. did not respond directly, defense counsel requested that the court instruct her to answer. The court responded by reminding P.O.C. of its prior admonition that she could refuse to answer a question. She refused to answer.

Continuing the effort to impeach P.O.C., defense counsel sought admission of a printout from the National Crime Information Center (NCIC) pertaining to P.O.C. The State objected on hearsay grounds. The court allowed defense counsel to make an offer of proof of the substance of the report, and that was dictated into the record. The printout does not appear in the record. The court then sustained the State's objection finding the NCIC report "not admissible before the jury at this time." The jury returned and trial resumed.

Appellant was convicted and sentenced as noted. This appeal followed.

Analysis

Appellant presents one issue consisting of two subparts. First, he argues P.O.C. has a prior felony conviction and the trial court erred by allowing her to avoid answering questions concerning her conviction by asserting the Fifth Amendment privilege against self-incrimination. Second, appellant contends the trial court abused its discretion by denying him the opportunity to impeach P.O.C. on her alleged criminal conduct reported in the NCIC printout.

*P.O.C.'s Right to Remain Silent*

We review the decision of a trial court permitting a witness to invoke her Fifth Amendment privilege against self-incrimination for abuse of discretion. *United States v. Washington,* 318 F.3d 845, 856 (8th Cir. 2003).

The Fifth Amendment states in part, "No person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; *Malloy v. Hogan,* 378 U.S. 1, 6, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *Walters v. State,* 359 S.W.3d 212, 215 (Tex. Crim. App. 2011). The Fifth Amendment privilege is not limited to the defendant in a criminal trial. A witness is privileged not to answer official questions "in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate [her] in future criminal proceedings." *Minnesota v. Murphy,* 465 U.S. 420, 426, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (quoting *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)). This privilege covers not only "answers that would in themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant." *Ohio v. Reiner,* 532 U.S. 17, 21, 121 S.Ct. 1252, 149 L.Ed.2d 158 (2001) (quoting *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)).

To permit exercise of the privilege "[i]t need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman,* 341 U.S. at 486-87; *see Grayson v. State,* 684 S.W.2d 691, 696 (Tex. Crim. App. 1984) (A trial court "cannot compel a witness to

4

answer unless it is perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken in asserting the privilege, and that the answer cannot possibly tend to incriminate the witness . . .").

We cannot agree that the record, closely read, supports appellant's contention the trial court deprived him of the opportunity to question P.O.C. about a previous felony conviction through improperly permitting her to refuse to answer. As we have noted in our recitation of the events at trial, the trial court admonished P.O.C. about her Fifth Amendment rights when appellant began to ask about her possession of a false birth certificate and multiple driver's licenses. Appellant does not deny that P.O.C.'s knowing possession of such items would potentially be incriminating, and thus properly the subjects of Fifth Amendment exercise.[2] The only occasion on which appellant sought a ruling from the trial court regarding P.O.C.'s refusal to answer occurred on the morning of the resumption of the hearing outside the jury's presence when, as we have recited, appellant asked the court to instruct P.O.C. to answer his question regarding "charges filed against" her in 2006 in Guymon, Oklahoma. P.O.C. and other courtroom participants may have understood at that time that defense counsel was inquiring about her felony conviction when he asked about "charges filed against" P.O.C., but it is not clear to us that the trial court necessarily would have so understood his question. Counsel's following questions to P.O.C. do inquire about a conviction, but he did not seek the trial court's assistance to require P.O.C. to respond to those questions.

---

[2] Defense counsel later attempted to examine P.O.C. about a social security card, a birth certificate, and four driver's licenses from different states. When she refused to answer the questions and the court sustained the State's objection to the admission of these items, defense counsel stated, "I've made [the prosecutor] aware of possible violations of the laws of this—of the laws of the United States and I would ask him to follow up on prosecution of that if he deems it necessary that it be followed up."

Counsel shortly turned to an effort to introduce the NCIC report. Having carefully reviewed the record, we are unable to see an abuse of discretion in the trial court's handling of counsel's questioning of P.O.C. regarding a prior felony conviction.[3]

*Admissibility of the NCIC Report*

We review the ruling of a trial court on the admissibility of evidence for abuse of discretion. *Carrasco v. State,* 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). There is no abuse of discretion if the ruling finds reasonable support in the record and is correct under any theory of law applicable to the case. *Id.*

Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." *Lopez v. State,* 343 S.W.3d 137, 140 n.4 (Tex. Crim. App. 2011) (citing TEX. R. EVID. 801(d)). Rule of evidence 609 allows the credibility of a witness to be attacked with evidence, elicited from the witness or established by public record, that the witness has been convicted of a felony or crime of moral turpitude. TEX. R. EVID. 609(a).

While he raises a contention the trial court erred by denying admission of the NCIC report, appellant at the same time seems to acknowledge that the printout was both not authenticated and not shown to fit an exception to the hearsay rule. The trial

---

[3] In addition, we note case law holding that the Fifth Amendment privilege may be invoked even by a person who has pled guilty and been sentenced because of the risk of a perjury charge if her testimony contradicts any previous judicial admissions. *See Suarez v. State,* 31 S.W.3d 323, 329 (Tex. App.—San Antonio 2000, no pet.) (co-defendant who had pled guilty and been sentenced still properly could invoke Fifth Amendment privilege). According to appellant's offer of proof, the 2006 Oklahoma offense to which P.O.C. plead guilty was a charge of "misuse of forged counterfeit suspended driver's license," a felony. By the time of her testimony P.O.C.'s sentence in the Oklahoma case had apparently been served.

court sustained the State's hearsay objection. As noted, the NCIC report is not in the record and from its brief description we find no basis for its authentication, nor a predicate for its admission through an exception to the hearsay rule. The trial court did not err by refusing its admission. *See United States v. Hendricks,* 143 Fed. Appx. 168, 172 (11th Cir. 2005) (per curiam, not designated for publication) (citing *United States v. Long,* 578 F.2d 579, 581 (5th Cir. 1978) (an NCIC report is hearsay not coming within a recognized exception to the hearsay rule)); *Vlietstra v. State,* 800 N.E.2d 972, 975 n.5 (Ind. Ct. App. 2003) (collecting cases for hearsay nature of NCIC reports); *State v. Stewart,* 2014 UT App 112, ¶ 11 n.3, 327 P.3d 595 (same).

On the record before us, we conclude the trial court did not abuse its discretion in ruling the NCIC report was inadmissible. Finding no abuse of discretion by the trial court, we overrule appellant's issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.