

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00206-CR

DE ANGELA MARQUISHA MERRELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 85th District Court
Brazos County, Texas
Trial Court No. 20-00868-CRF-85

## MEMORANDUM OPINION

De Angela Marquisha Merrell appeals her conviction for aggravated robbery. After finding her guilty, the jury assessed punishment at fifteen years in the Texas Department of Criminal Justice—Institutional Division. In two issues, she contends the trial court erred in failing to allow her to reopen evidence and failing to include the lesser offense of theft in the jury charge. We affirm.

**Request to Reopen Evidence**

In her first issue, Merrell asserts the trial court erred in failing to allow her to reopen the evidence to present testimony in support of her pretrial application for probation. Specifically, she sought to recall Brazos County District Attorney's Office Investigator Dennis Thane to show her eligibility for probation. Merrell argues the trial court's denial of that request was error because the testimony was admissible hearsay pursuant to Texas Rule of Evidence 803(10), the State opened the door for this testimony, or Thane's testimony provided necessary support for the instruction. She further argues that the omission of the probation instruction caused harm.

STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's denial of a motion to reopen evidence is reviewed under an abuse of discretion standard. *See Wilkinson v. State*, 423 S.W.2d 311, 313 (Tex. Crim. App. 1968). A trial judge is required to reopen a case only if the proffered evidence is "necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02; *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003). A "due administration of justice" means a judge should reopen the case if the evidence would materially change the case in the proponent's favor. *Peek*, 106 S.W.3d at 79.

To be eligible for jury recommended probation, a defendant bears the burden of pleading and proving that she has no prior felony convictions. TEX. CODE CRIM. PROC. ANN. art. 42A.055(b); *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999).

Discussion

At the punishment phase, Investigator Thane, with the Brazos County District Attorney's office, testified about Merrell's prior order of deferred adjudication and two misdemeanor convictions. After the State presented its witnesses, it rested. Merrell rested without presenting any witnesses. Thereafter, counsel for Merrell requested permission to question Thane about his investigation, which would include any access he had to reports from the Texas Crime Information Center (TCIC) and the National Criminal Information Center (NCIC). Counsel expected Thane to testify that there is no evidence Merrell has ever been convicted of a felony. His request was denied.

Hearsay, in general, is not admissible evidence. *See* TEX. R. EVID. 801, 802. Absent personal knowledge, a witness may testify about a defendant's criminal history but only after the trial court admits evidence of that history through some hearsay exception. *See id.* R. 803(22) (identifying evidence of a judgment adjudging a person guilty of a criminal offense as a hearsay exception).

There are no TCIC or NCIC reports in the record. There is no indication that Thane created the reports or that he was custodian of those records. Merrell contends the testimony is admissible to show a diligent search failed to disclose a public record of a felony conviction, thus showing no felony convictions exist. *See id.* R. 803(10). However, the TCIC and NCIC reports do not fall in the definition of "public record." *See id.* R. 803(8) (public records contain certain records of a public office). As Thane had no personal

knowledge of information contained in those reports, information contained in those reports constitutes hearsay. *See Castillo-Salgado v. State*, No. 07-12-00393-CR, 2014 Tex. App. LEXIS 8312, at *9 (Tex. App.—Amarillo July 30, 2014, no pet.) (mem. op.) (not designated for publication); *see also United States v. Long*, 578 F.2d 579, 581 (5th Cir. 1978) (per curiam) (held an NCIC report is hearsay not coming within a recognized exception to the hearsay rule). Merrell has not identified an applicable exception to the hearsay rule.

Because Merrell filed an application for probation, it was Merrell's burden to produce evidence in support of her application. *See Speth*, 6 S.W.3d at 533. The burden was not altered by the State's opening argument explaining why probation was inappropriate. Further, the State's argument did not open the door for Merrell to present inadmissible evidence. The proffered evidence was inadmissible, therefore it would not materially change the case, and it was not necessary to a due administration of justice. *See Peek*, 106 S.W.3d at 79. We conclude that the trial court did not abuse its discretion in not allowing Merrell to reopen the evidence to allow her to present testimony in support of her pretrial application for probation. *See Wilkinson*, 423 S.W.2d at 313. We overrule Merrell's first issue.

## Lesser Included Offense Instruction

In her second issue, Merrell contends the trial court erred in not including a jury instruction on the lesser offense of theft. She asserts the eyewitness gave differing

descriptions of the firearm and it was displayed and pointed for only a fraction of a second. She argues that, although there was no affirmative evidence negating use of a firearm, the jury could have found Merrell was guilty only of the lesser included offense of theft.

APPLICABLE LAW

We review a trial court's refusal to submit a lesser included offense instruction for an abuse of discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023). The Texas Code of Criminal Procedure provides that an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(1). In the first prong of a two-part test, we compare the statutory elements of the alleged lesser offense with the statutory elements of the greater offense and any descriptive averments in the indictment. *Chavez*, 666 S.W.3d at 776. If proof of the lesser offense is included within proof of the greater offense, the first step has been satisfied. *Id.* The first prong presents a question of law, and it does not depend on the evidence to be produced at trial. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011).

In the second prong, we consider whether there is evidence from which a rational jury could find the defendant guilty of only the lesser offense. *Chavez*, 666 S.W.3d at 776. This requirement is met if evidence either affirmatively refutes or negates other evidence establishing the greater offense, or the evidence on the issue is subject to two different

interpretations, and one of the interpretations negates or rebuts an element of the greater offense. *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). There must be evidence that is directly germane to the lesser included offense and present the lesser included offense as a valid, rational alternative to the greater offense. *Chavez*, 666 S.W.3d at 777.

A person commits aggravated robbery if she uses or exhibits a deadly weapon while in the process of committing a robbery. TEX. PENAL CODE ANN. § 29.03(a). A person commits a robbery if, during the commission of a theft, she threatens or places another in fear of imminent bodily injury. *Id.* § 29.02(a). Theft requires evidence that the defendant unlawfully appropriated property with the intent to deprive the owner of the property. *Id.* § 31.03(a).

Discussion

Here, the indictment alleged that Merrell, while in the course of committing theft of property and with intent to obtain or maintain control of the property, intentionally and knowingly threatened or placed Colton Roach in fear of imminent bodily injury or death, and Merrell did then and there use or exhibit a deadly weapon, to wit: a firearm. Because the indictment charged Merrell with conduct committed while in the course of committing theft, the first prong is met. *See Earls v. State*, 707 S.W.2d 82, 84-85 (Tex. Crim. App. 1986). A completed theft is a lesser included offense of aggravated robbery. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

Turning to the second prong, Merrell argues that the testimony of Colton Roach supports the submission of the lesser included offense. She asserts that, although Roach did not affirmatively state there was a possibility that what he saw was not a firearm, he gave differing descriptions of the firearm. Further, she asserts, although no witness provided testimony that a firearm was not displayed, Roach was the sole witness testifying "that a firearm was involved in an otherwise undisputed shoplifting theft." Merrell asserts that Roach's testimony that the gun "was displayed and pointed for a fraction of a second also provides disputed testimony concerning the incident." She argues that more than a scintilla of evidence existed to show "Merrell may have displayed but did not point the firearm."

Roach, a Texas A & M University student at the time, was in the Corp of Cadets Marksmanship Unit, a special unit involved in competitive shooting throughout the United States. He handled pistols, rifles, shotguns, and long rifles over the course of four years in the unit. However, because he grew up hunting, he had handled firearms his entire life.

While leaving an Academy Sports and Outdoors store, Roach saw Merrell and two other individuals get in a maroon car carrying items taken from the store. It was clear to him that they had taken the items without paying for them. As they were driving away, he drove his truck toward their car, cut them off, and blocked their car so they could not pass. The car came to a stop, and he could see the occupants. The front seat passenger

rummaged through the glove box and presented a firearm. He testified that the passenger "showed it to me through the windshield" and "then she pointed it at me." Nothing obstructed his view. At that point he moved his truck out of the way. He further explained that, when she held the pistol up, it was sideways, and he could clearly see what the firearm looked like. He testified that it was a subcompact firearm, and he was pretty sure it was a Ruger. He stated precisely: "It was pointed with intent at me." The prosecutor showed Roach a picture of the gun that was recovered from the car. Roach testified that it appeared to be the firearm that he saw.

On cross-examination, Roach testified that, on the day of the incident, he told the police the gun may have had a silver slide. He described the gun as being made of black polymer, a plastic-like material that does not reflect sunlight. He explained that the slide on a gun is made of metal which does reflect sunlight. He testified that there was no doubt in his mind that it was a subcompact made of black polymer and Merrell held it in her right hand. He agreed with defense counsel that a black cell phone is similar to black polymer and the glass on the cell phone reflects light.

For a rational jury to find that Merrell was guilty only of theft, there must exist some evidence in the record that she did not intentionally and knowingly place Roach in fear of imminent bodily harm by using or exhibiting a firearm. Roach made it clear that Merrell displayed a firearm and then pointed it at him. Nothing in his testimony, or anywhere else in the record, affirmatively refutes or negates the elements that Merrell

placed Roach in fear of imminent bodily injury by exhibiting a firearm, thereby establishing aggravated robbery. *See Schweinle*, 915 S.W.2d at 19. Testimony that the gun was both shown to and pointed at Roach, that the gun may have a silver slide, or that cell phones reflect light are not different interpretations of Roach's testimony. *See id*. There is no evidence in the record refuting or negating the use or exhibition of a firearm. Therefore, the trial court did not err in denying Merrell's request for a lesser-included instruction on theft. *See Chavez*, 666 S.W.3d at 776. We overrule Merrell's second issue.

## Conclusion

Finding no merit in Merrell's issues on appeal, we affirm the trial court's judgment.


STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed August 1, 2024
Do not publish
[CR25]

