**UNITED STATES of America, Appellee,**

v.

**Maynard Allen JACOBSON, Appellant.**

**No. 75–1022.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1975.

Decided June 9, 1975.

---

Lawrence G. Rapoport, Minneapolis, Minn., for appellant.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Maynard Allen Jacobson was tried by a jury on November 19, 1974, in the District of Minnesota, and convicted of violation of the Dyer Act, 18 U.S.C. § 2312. Jacobson now appeals that conviction on the grounds that certain evidence was erroneously admitted to his prejudice at trial. We agree and reverse the conviction.

The indictment alleged that on or about July 9, 1973, the accused transported an automobile stolen from his employer, Kemper Buick in Buffalo, Minnesota, to Forsythe, Montana. The defendant stipulated that he had driven the automobile in question across the state line. The only real question at trial was whether the automobile was stolen or whether the accused had, or believed he had, permission to use it. Witnesses for the government testified that Jacobson told them he was using the car with the permission of its owner. An F.B.I. agent testified that after he was apprehended, Jacobson had told him he had stolen the car; however, another agent present during Jacobson's interrogation testified for the defense that he could not remember the accused admitting that he stole the car. The owner of the car did not testify at trial.

One of the exhibits to which Jacobson objects is an "auto theft report" prepared by the sheriff of Wright County, Minnesota. The report, which was objected to at trial, indicates that the car in question was reported stolen by Kemper Buick, that Jacobson was considered a suspect and that he was probably headed for Wichita. The form also indicated that no one had been given permission to use the car by the owner. No instruction was given to the jury to limit the purpose for which the report could be considered. We hold that this report contained inadmissible hearsay. United States v. Wyatt, 437 F.2d 1168, 1170 (7th Cir. 1971); United States v. Burruss, 418 F.2d 677, 678–679 (4th Cir. 1969); United States v. Shiver, 414 F.2d 461, 463 (5th Cir. 1969); United States v. Graham, 391 F.2d 439, 448 (6th Cir.), cert. denied, 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278 (1968). The jury may have considered the theft report as proof that the accused did not have Kemper Buick's permission to use the car, but had stolen it. Under the facts of this case, where the only contested issue was whether the car was stolen, there was conflicting evidence on the issue, where the owner himself did not testify and where the hearsay evidence was admitted without any instruction to guide the jury's con-

sideration thereof, we are not convinced that the error was not prejudicial to the defendant.

Accordingly, we reverse and remand for a new trial.