UNITED STATES of America, Appellee,

v.

Maynard Allen JACOBSON, Appellant.

No. 75–1712.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1976.

Decided June 14, 1976.

John R. Wylde, Jr., Minneapolis, Minn., for appellant.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

Appellant Maynard Allen Jacobson was convicted by a jury in November, 1974, for

interstate transportation of a stolen vehicle in violation of the Dyer Act, 18 U.S.C. § 2312. He appealed that conviction on the ground that an auto theft report which was admitted into evidence contained inadmissible hearsay. This Court reversed the conviction on that ground, holding the error to be prejudicial. *United States v. Jacobson*, 518 F.2d 1171 (8th Cir. 1975). Appellant was retried and convicted in August, 1975. He appeals, contending (1) that the District Court erred in allowing testimony that the theft report had been filed, and (2) that there was insufficient evidence to support the verdict.

## I.

Appellant was charged in the indictment with transporting an automobile stolen from his employer, Kemper Buick, in Buffalo, Minnesota, to Forsythe, Montana. There was no dispute that the appellant had driven the automobile in question across the state line. As noted by this Court in the prior appeal, the only real issue was whether the automobile was stolen or whether the appellant had, or believed he had, permission to use the automobile. Witnesses for the government did testify that the appellant had told them that he had permission to use the car, but Dennis O'Callaghan, an agent of the Federal Bureau of Investigation, testified that the appellant had admitted, during an interrogation after his apprehension, that he had stolen the automobile. Kenneth Andrews, another FBI agent present at the interrogation, testified that he got the impression from the appellant that the automobile was taken from Kemper.[1] The owner of the automobile did not testify at either trial.

At the first trial, the government introduced an "auto theft report" prepared by the Sheriff of Wright County, Minnesota.

The report indicated that the automobile had been reported stolen by Kemper Buick, that the appellant was considered a suspect, and that he was probably headed to Wichita. On appeal, we held the admission of the report to be error since it contained inadmissible hearsay. Noting that no instruction was given to the jury to limit the purposes for which the report could be used, we said: "The jury may have considered the theft report as proof that the accused did not have Kemper Buick's permission to use the car, but had stolen it." 518 F.2d at 1172. We therefore held:

> Under the facts of this case, where the only contested issue was whether the car was stolen, there was conflicting evidence on the issue, where the owner himself did not testify and where the hearsay evidence was admitted without any instruction to guide the jury's consideration thereof, we are not convinced that the error was not prejudicial to the defendant.

*Id.* at 1172–73.

At the second trial, the sheriff's theft report was not itself admitted into evidence. The sheriff did testify over the appellant's objection, however, that he had received the report that the automobile had been stolen.[2] The District Court then instructed the jury that:

> The jury is cautioned and instructed that this witness was permitted to answer this question to show, solely, that a report had been filed but not that a vehicle had been stolen. It may not be considered for any other purpose than the fact that the report had been filed.

There are two significant differences between the testimony in this case and the use of the theft report itself, which

---

1. The testimony of Agent Andrews varied from his testimony at the first trial where he stated that he did not remember the appellant admitting that he stole the automobile. The agent explained the contradiction by asserting that he had refreshed his recollection by examining the other agent's notes after the first trial. Those notes, however, were destroyed by that other agent approximately two months prior to the

first trial. The testimony of Agent O'Callaghan, however, was unequivocal.

2. In chambers, the government attorney informed the court that the purpose of the testimony that the report had been filed was to corroborate the appellant's confession to the FBI agent.

was held inadmissible in the first trial. First, the theft report contained incompetent hearsay material implicating the appellant. The testimony in this case only established the fact that a report had been received. This distinction has been recognized in a line of cases holding that the *fact* of a theft report may be admissible where relevant, whereas the *contents* of such a report contain hearsay information of questionable reliability and may not be received as business records. *See United States v. Wyatt,* 437 F.2d 1168, 1170 (7th Cir. 1971); *United States v. Burrus,* 418 F.2d 677, 678–79 (4th Cir. 1969); *United States v. Shiver,* 414 F.2d 461, 463 (5th Cir. 1969); *United States v. Graham,* 391 F.2d 439, 448 (6th Cir.), *cert. denied,* 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278 (1968). *See also United States v. Tompkins,* 487 F.2d 146, 151 (8th Cir. 1973), *cert. denied,* 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

 Second, the report in the first trial was offered as proof that the car had been stolen; in the second trial, it was merely offered to corroborate the appellant's admission that the car had been stolen by showing that the owner had reported it stolen. Since admissions of a defendant require some degree of corroboration,[3] the fact of the report had relevancy in this case. The government knew from the previous trial that one of its witnesses was marginal on the critical admission of the appellant and could reasonably anticipate that corroboration of Agent O'Callaghan's testimony that the appellant admitted stealing the car would be necessary. A district judge is accorded considerable deference in ruling upon the relevancy of proffered evidence, and we cannot say that his ruling under the circumstances of this case, including the limiting instruction promptly given, was an abuse of discretion.[4] *See United States v. Kills Crow,* 527 F.2d 158, 160 (8th Cir. 1975); *United States v. Skillman,* 442 F.2d 542, 551 (8th Cir.), *cert. denied,* 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971).

Even if our reliance upon the trial court's discretion is misplaced, the testimony at most would be harmless error. Other facts were developed from which the jury could reasonably infer that the appellant had stolen the car. In addition to the appellant's confession, it was shown that the car was removed in the evening when the dealership was closed, that two days after the car left the owner's lot the appellant lied to a police officer about his destination,[5] that the appellant gave a different story as to his destination to his friend,[6] and, by evidence of credit card sales slips, that the appellant had travelled many miles through several states during a period of approximately forty-five days. In the face of such independent evidence and after a careful review of the entire record, we are satisfied that the testimony that the theft report was filed, if error, was harmless beyond reasonable doubt.[7]

## II.

 What we have said must likewise control the outcome of the appellant's claim that the evidence was insufficient to support the verdict. Taking the facts and per-

---

3. *Opper v. United States,* 348 U.S. 84, 89–90, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Stabler,* 490 F.2d 345, 349–50 (8th Cir. 1974).

4. Our inquiry would not necessarily end here because the deliberate use of inadmissible evidence on a pretextual basis to make up for the absent owner would perhaps cause us to question whether such evidence was harmless beyond reasonable doubt. We are satisfied that government counsel did not attempt to substitute the fact of a police report for the testimony of the owner.

5. State Highway Patrolman Mark McCarthy testified that he stopped the appellant to issue him a citation for a notice of equipment violation and that the appellant told him that he was delivering the car to Litchfield, Minnesota, for Kemper Buick.

6. Betty Loewen testified that the appellant told her that he was going to Wichita, Kansas.

7. During deliberations the jury asked for the date of the report, which was not given. We decline to speculate on the purpose of the question or the impact of the testimony which may be inferred from the question. *See Harrington v. California,* 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

missible inferences therefrom in the light most favorable to the government,[8] we have no difficulty in finding that the evidence was legally sufficient to support a guilty verdict. In addition to the appellant's own admission that he stole the car and the undisputed evidence of travel across state lines, the jury was entitled to infer from his recent possession of stolen goods that the appellant converted the goods with the requisite criminal intent. *United States v. Pecina,* 501 F.2d 536, 539 (8th Cir.), *cert. denied,* 419 U.S. 1072, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974). Such subjective facts as knowledge and intent may be established by circumstantial evidence. *United States v. Riso,* 405 F.2d 134, 138 (7th Cir. 1968), *cert. denied,* 394 U.S. 959, 89 S.Ct. 1306, 22 L.Ed.2d 560 (1969), and circumstantial evidence does not fail simply because it may infer innocence as well as guilt. *See Holland v. United States,* 348 U.S. 121, 139–40, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

Affirmed.

---

**8.** *United States v. Giblin,* 523 F.2d 42, 44 (8th Cir. 1975); *United States v. Swanson,* 509 F.2d 1205, 1210 (8th Cir. 1975).