**UNITED STATES of America, Appellee,**

v.

**Lonnie Clifford JEWELL, Appellant.**

**No. 89–1944.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1989.

Decided Jan. 9, 1990.

Damon Young, Texarkana, Ark., for appellant.

Mark W. Webb, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Lonnie Clifford Jewell appeals from the district court's [1] order entered upon a jury verdict finding him guilty of aiding and abetting the theft of goods from an interstate shipment in violation of 18 U.S.C. § 659. Jewell was sentenced to two years imprisonment and challenges the sufficiency of the evidence to support his conviction. We affirm.

An indictment charged Jewell, Joseph Gentry, and Lee Wilburn with aiding and abetting each other in the theft of an interstate shipment of seventy-eight General Electric appliances including washers, dryers, dishwashers, freezers, refrigerators, and electric ranges. Gentry, the

---

1. The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

driver of the interstate shipment, pleaded guilty and testified against Jewell in cooperation with the government. Gentry testified that he and Jewell met Wilburn at Wilburn's trailer to discuss theft of the appliances. At that time, Gentry explained the load's bills of lading. Gentry testified he assumed Jewell knew the load was "hot" or stolen; "[t]hat was the general understanding." After the meeting, Jewell was "supposed to set up something and do something with the load...."

Another government witness, James Smithson, also pleaded guilty to a charge stemming from his involvement in the theft. Smithson testified that he was led to Jewell's house at the end of a back road where the truck was unloaded in the middle of the night. Jewell was present when the goods were being unloaded. The appliances were then stored in the woods near Jewell's house. Lee Wilburn pleaded guilty, corroborated earlier testimony, and testified that Jewell paid him $3,000 for the appliances. The appliances had a wholesale value of $32,843.

Government witness Calvin Bassham pleaded guilty to possession of stolen goods. He testified that Jewell phoned him and asked if he was interested in buying some appliances for approximately $200 apiece. Bassham did so, but had to pay in cash by noon on the day he picked up the appliances. Bassham paid Jewell a total of $4,000 for some of the appliances, several of which appeared to be damaged.

Jewell's motion for a judgment of acquittal at the close of the government's case was denied. Jewell put forth no defense and was convicted. On appeal, he argues that the district court erred in failing to enter a judgment of acquittal on the grounds of insufficient evidence.

A district court has very limited latitude in ruling on a motion for judgment of acquittal.

A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged. "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial, as well as direct evidence."

*United States v. Mundt,* 846 F.2d 1157, 1158 (8th Cir.1988) (quoting *United States v. Nabors,* 762 F.2d 642, 653 (8th Cir.1985) (citations omitted)).

Proof of knowledge, like proof of intent, is rarely established by direct evidence, but may be proved by all pertinent circumstances. *United States v. Hardesty,* 645 F.2d 612, 614 (8th Cir.1981) (per curiam); *United States v. Jacobson,* 536 F.2d 793, 796 (8th Cir.), *cert. denied,* 429 U.S. 864, 97 S.Ct. 171, 50 L.Ed.2d 144 (1976). Jewell argues that the evidence did not establish that he knew a crime involving stolen goods was to be committed or that he intended to aid the commission of a crime. We believe the jury could reasonably have determined that Jewell knowingly aided and abetted the theft of an interstate shipment. He was present when the bills of lading were examined and his business partners assumed he understood the nature of the venture. The delivery of the goods was hidden. Moreover, the purchase of the appliances at a ridiculously low price and the subsequent sale of the appliances at below market value is sufficient to support an inference that Jewell knew the appliances were stolen. *See United States v. Wilson,* 523 F.2d 828, 831 (8th Cir.1975), *cert. denied,* 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977).

The district court correctly observed its narrowly-constricted power of review in dealing with the motion for judgment of acquittal. The circumstantial evidence, viewed in the light most favorable to the government, was sufficient to send the case to the jury and support the conviction. Accordingly, Jewell's conviction is affirmed.