70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul FREEMAN, Defendant-Appellant.
 No. 95-5167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and POTTER, District Judge.*
 
 ORDER
 
 2
 Paul Freeman appeals his convictions for conspiring to transport stolen property in interstate commerce, possessing stolen interstate shipments and aiding and abetting, as well as selling or receiving a stolen interstate shipment and abiding and abetting, in violation of 18 U.S.C. Secs. 2, 371, 659 and 2315. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Freeman of these charges, even though he testified that he did not know that the disputed merchandise was stolen. On December 30, 1994, the district court sentenced Freeman to an aggregate term of 78 months of imprisonment and two years of supervised release. It is from this judgment that he now appeals.
 
 
 4
 Freeman's convictions arose from the theft of several tractor trailers containing a variety of merchandise, which included furniture, batteries, tires, brake pads, microwave ovens and telephones. Freeman concedes that he received this merchandise, that it was stolen, that it was traveling in interstate commerce and that its value met the statutory requirements. Nevertheless, Freeman now argues that sufficient evidence was not presented to show that he knew the merchandise was stolen or that he participated in the conspiracy to steal it.
 
 
 5
 In determining whether there has been a constitutional error regarding the sufficiency of the evidence, a reviewing court must view the evidence in the light most favorable to the prosecution and decide whether any rational trier of fact could accept it as establishing each of the essential elements of the offense beyond a reasonable doubt. United States v. Lindo, 18 F.3d 353, 357 (6th Cir.1994). A conviction may be sustained based on circumstantial evidence alone, and the evidence need not disprove every hypothesis except that of guilt. Id.
 
 
 6
 The testimony of an alleged co-conspirator, Ed Miller, indicated that he had stolen the disputed shipments for Freeman. His description of these transactions was sufficient to support a jury finding that Freeman knew the merchandise was stolen. See United States v. Baker, 926 F.2d 179, 180-81 (2d Cir.1991) (per curiam); United States v. Jewell, 893 F.2d 193, 194 (8th Cir.1990). It indicates that almost all of his dealings with Freeman followed the same general pattern: 1) a phone call in mid-evening in which Miller advised Freeman that he was going out to look for merchandise; 2) a confirming call late at night in which Freeman agreed to buy the merchandise that Miller had found; 3) immediate transportation of the merchandise to Freeman's warehouse in Tennessee, where it was unloaded before dawn; and 4) cash payments for the merchandise in amounts that were substantially below its value. In addition, there was testimony from other witnesses which established that the windows of the warehouse were all covered and that no significant records were found there, except for shipping labels and invoices which indicated that Freeman did not the own the merchandise.
 
 
 7
 The jury's finding is also supported by testimony regarding certain statements that Freeman made. See United States v. Rose, 12 F.3d 1414, 1417-21 (7th Cir.1994); United States v. Daniel, 957 F.2d 162, 165-66 (5th Cir.1992) (per curiam). Miller testified that Freeman had advised him to take the stolen trailers as far away as possible after they were unloaded "because it's hot down here," as other individuals had already been arrested for stealing trucks and trailers in the area. Freeman also told an undercover FBI agent that "all it takes is one little mistake to get caught." Freeman also told undercover FBI agents that he did not know where a load of furniture had come from, even though it was intended to go to California. He then sold some of this furniture to the undercover agents. Several months after the search of the first warehouse, Freeman admitted to a local police officer that there was also stolen property at another warehouse as well as his home.
 
 
 8
 Freeman now argues that the evidence offered against him was either explained away or contradicted by his own testimony and that of other defense witnesses. However, matters of credibility are properly resolved by the jury. See United States v. Scartz, 838 F.2d 876, 878 (6th Cir.), cert. denied, 488 U.S. 923 (1988). In light of the government's proof, a rational juror could easily find that Freeman knew the disputed property was stolen despite his alleged lack of knowledge.
 
 
 9
 There was also sufficient evidence to support Freeman's conspiracy conviction. See United States v. DeCorte, 851 F.2d 948, 953-54 (7th Cir.1988); United States v. Scanzello, 832 F.2d 18, 20-21 (3d Cir.1987). Freeman apparently argues that each of his transactions with Miller was separate and that he was not involved in stealing the trailers. However, the jury could have reasonably inferred a conspiracy from Miller's testimony. In addition, there was testimony that two other co-defendants helped Freeman unload some of the stolen merchandise and that at least one of these individuals knew that it was stolen.
 
 
 10
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation