[Cite as *State v. Dudley*, 2014-Ohio-584.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 13-COA-017 |
| | : | |
| LARRY W. DUDLEY, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Ashland County Court
                               of Common Pleas, Case No. 12-CRI-
                               131

JUDGMENT:                      AFFIRMED

DATE OF JUDGMENT ENTRY:        February 10, 2014

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

RAMONA FRANCESCONI ROGERS              MATTHEW J. MALONE
ASHLAND CO. PROSECUTOR                 11 ½ East Second St.
PAUL T. LANGE                          Ashland, OH 44805
110 Cottage Street, Third Floor
Ashland, OH 44805

*Delaney, J.*

{¶1}   Appellant Larry W. Dudley, Jr. appeals from the May 16, 2013 Judgment Entry – Sentencing of the Ashland County Court of Common Pleas.  Appellee is the state of Ohio.  This case is related to but not consolidated with *State v. Dudley*, 5th Dist. Ashland No. 13-COA-016 (Trial Court No. 13-CRI-024)

### FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal.

{¶3}   Appellant was charged and ultimately entered pleas of no contest to the following charges in two separate criminal cases:

| Case No. | Count No. | Offense | Revised Code Section | Degree | Sentence |
|---|---|---|---|---|---|
| 12-CRI-131 | I | Burglary | 2911.12(A)(3) | F3 | 30 months |
| 12-CRI-131 | III | Burglary | 2911.12(A)(3) | F3 | 30 months |
| 12-CRI-131 | IV | Burglary | 2911.12(A)(3) | F3 | 30 months |
| 13-CRI-024 | I | B & E | 2911.13(A) | F5 | 12 months |
| 13-CRI-024 | II | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | III | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | IV | B & E | 2911.13(A) | F5 | 12 months |
| 13-CRI-024 | V | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | VI | B & E | 2911.13(A) | F5 | 12 months |
| 13-CRI-024 | VII | Theft | 2913.02(A)(1) | M1 | 90 days |
| 13-CRI-024 | VIII | Theft from elderly person | 2913.02(A)(1) | F5 | 12 months |

{¶4}   After appellant changed his pleas and prior to entering sentences, the trial court ordered a presentence investigation (P.S.I.) which has been made part of the record on appeal.  The extensive P.S.I. indicates appellant engaged in a series of thefts

and burglaries with a cohort to support a serious drug habit.  Appellant has an extensive criminal history of similar offenses.

{¶5}   In this case, the trial court sentenced appellant to 30 months in prison for each count (I, III, and IV), for a consecutive prison term of 90 months. In addition, the trial court ordered the sentence to be served consecutively to Case No. 13-CRI-024, for a total prison term of 138 months. The trial court found consecutive sentences are necessary to protect the public from future crimes and to punish the offender, and are not disproportionate to the seriousness of appellant's conduct.  As the trial court sentenced appellant to prison, appellant cursed and threatened the trial judge. Appellant was then removed from the courtroom and sentencing continued.

{¶6}   Appellant now appeals from the judgment entry of conviction and sentence entered by the trial court on May 16, 2013.

{¶7}   Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶8}   "I.  THE COURT OF COMMON PLEAS OF ASHLAND, OHIO IMPOSED A SENTENCE UPON DEFENDANT/APPELLANT THAT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION."

{¶9}   "II.  THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

{¶10} "III. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, AFTER THE APPELLANT HAD BEEN REMOVED FROM THE COURTROOM, WAS IN VIOLATION OF APPELLANT'S RIGHT TO BE PRESENT AT ALL STAGES OF HIS TRIAL AS PROVIDED BY THE CONFRONTATION CLAUSE OF THE UNITED STATES CONSTITUTION; THE OHIO CONSTITUTION, ARTICLE I, SECTION 10; AND CRIMINAL RULE 43(A)."

**ANALYSIS**

**I., II.**

{¶11} In his first and second assignments of error, appellant contends the sentence of the trial court is contrary to law, an abuse of discretion, and imposes an unnecessary burden on state resources.  .

{¶12} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish*, id. at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. Id. We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi*, 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶ 52.

{¶13} In *Kalish* the Ohio Supreme Court found the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the

purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish*, supra, 2008-Ohio-4912 at ¶ 18. The Court further held the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." Id. at ¶ 20.

{¶14} Similarly, in this case, we find the trial court's sentencing complies with applicable rules and sentencing statutes. The sentence is within the statutory felony sentencing range.  Appellant was convicted of three counts of burglary, all felonies of the third degree.

{¶15} Furthermore, the record reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{¶16} We next review the sentence pursuant to an abuse-of-discretion standard. *Kalish*, 2008-Ohio-4912 at ¶ 4; *State v. Firouzmandi*, 2006-Ohio-5823 at ¶ 40. We find the trial court assessed the relevant statutory considerations.  In light of the comprehensive P.S.I. which is part of our review, we find the trial court considered appellant's criminal history, lack of amenability to rehabilitation, and motivation to support his drug habit.

{¶17} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. *State v. Firouzmandi*, 2006-Ohio-5823 at ¶ 43. We find the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11.

{¶18} Appellant further argues the trial court failed to properly consider the statutory seriousness and recidivism factors in its analysis. R.C. 2929.11 and 2929.12 require consideration of the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. See *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 38. However, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd*, 11th Dist. Lake No. 006–L–185, 2007–Ohio–3013, ¶ 44. We find the trial court properly considered the purposes and principles of felony sentencing and the factors of seriousness and recidivism as noted on the record at the sentencing hearing.

{¶19} Appellant also contends his sentence violates the General Assembly's intent to minimize the unnecessary burden on state and local government resources. Specifically, appellant argues that because of the high cost of housing prison inmates, the cost of housing him in prison beyond the minimum sentence creates an unnecessary burden on state and local resources.

{¶20} In *State v. Shull*, 5th Dist. Ashland No.2008–COA–036, 2009–Ohio–3105, we reviewed a similar claim. We reiterated although the burden on state resources may be a relevant sentencing criterion as set forth in R.C. 2929.13, Ohio law "does not require trial courts to elevate resource conservation above the seriousness and recidivism factors." *Shull* at ¶ 22, citing *State v. Ober*, 2nd Dist. Greene No. 97CA0019, 1997 WL 624811 (October 10, 1997). Appellant's multiple offenses, his criminal history, and the indicators of his likeliness to re-offend do not suggest his sentence is an unnecessary burden on state resources, and we otherwise find no abuse of discretion in the trial court's sentencing decision in this regard.

{¶21} Appellant's first and second assignments of error are overruled.

III.

{¶22} In his third assignment of error, appellant argues the trial court improperly removed him from the courtroom and continued the sentencing hearing in his absence.

{¶23} One of most basic rights reserved by the Confrontation Clause is a defendant's correlative right to be present in the courtroom in every stage of the trial. *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Section 10, Article I of the Ohio Constitution and Crim. R. 43(A) also require the defendant's presence. This right, however, is not absolute; appellant's presence is mandated unless

he waived his right or there existed extraordinary circumstances requiring sequestration, such as misconduct. *State v. Williams*, 6 Ohio St .3d 281, 286, 452 N.E.2d 1323 (1983).

{¶24} Crim.R. 43(B) permits a court to exclude a defendant from any stage of a hearing or trial for disruptive conduct and provides:

> Where a defendant's conduct in the courtroom is so disruptive that the hearing or trial cannot reasonably be conducted with his continued presence, the hearing or trial may proceed in his absence, and judgment and sentence may be pronounced as if he were present. Where the court determines that it may be essential to the preservation of the constitutional rights of the defendant, it may take such steps as are required for the communication of the courtroom proceedings to the defendant.

{¶25} No objection was raised upon appellant's removal from the courtroom or upon the trial court's decision to go forward with the sentencing hearing in his absence. *Williams*, supra, points out that while an appellant's absence from the courtroom may be constitutional error, the relevant inquiry is whether appellant was prejudiced thereby:

> Errors of constitutional dimension are not ipso facto prejudicial. As the United States Supreme Court stated in the landmark case of *Chapman v. California* (1967), 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705: " * * * We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the

automatic reversal of the conviction." In order to be deemed nonprejudicial, error of constitutional stature, either state or federal, must be "harmless beyond a reasonable doubt." *Chapman v. California,* supra, at 24; *State v. Abrams* (1974), 39 Ohio St.2d 53 [68 O.O.2d 30], paragraph two of the syllabus. Particularly, as regards a defendant's constitutional right to be present at all stages of his trial, prejudicial error exists only where "a fair and just hearing * * * [is] thwarted by his absence." *Snyder v. Massachusetts* (1934), 291 U.S. 97, 108, 54 S.Ct. 330, 78 L.Ed. 674. See, also, *United States v. Brown* (C.A.6, 1978), 571 F.2d 980.

*State v. Williams*, 6 Ohio St.3d 281, 286, 452 N.E.2d 1323 (1983).

{¶26} Appellant's absence from the courtroom for the conclusion of the hearing is not sufficient to show plain error. "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts*, 291 U.S. 97, 107–108, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

{¶27} In this case, there is nothing in the record to establish appellant's absence thwarted a fair and just hearing.  Appellant was present for every stage of the proceedings except the final portion of sentencing which included the calculation of credit for time served, imposition of court costs, conditional imposition of restitution,[1] post release control, and appellant's right to appeal. Appellant was removed from the courtroom because he repeatedly cursed at and threatened the trial judge upon

---

[1] The conditional order of restitution is addressed in the related opinion, *State v. Dudley*, 5th Dist. Ashland No. 13-COA-016.

imposition of the prison term.  We note no objection was raised to continuing the sentencing hearing in appellant's absence.[2]

{¶28} Appellant's third assignment of error is overruled.

## CONCLUSION

{¶29} Appellant's three assignments of error are overruled and the judgment of the Ashland County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.

---

[2] Some courts have found that found that where the record indicates no objection was raised when a defendant was removed from the courtroom, the appellant has waived the issue on appeal. *State v. Tate*, 9th Dist. Summit No. 21943, 2005-Ohio-2156, ¶ 16, citing *Holman v. Grandview Hosp. & Med. Ctr.*, 37 Ohio App.3d 151, 157, 524 N.E.2d 903 (2nd Dist.1987).