

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0064-11 & PD-0065-11

**WILLIAM KYLE WALTERS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS,
### DALLAS COUNTY

Womack, J., delivered the opinion of the unanimous Court.

In September, 2007, a jury found the appellant guilty of two counts of aggravated assault with a deadly weapon.[1] In each case, the trial court sentenced the appellant to 40 years' confinement, to run concurrently, and a $2,500 fine. In December, 2010, the Fifth Court of

---

[1] *See* TEX. PEN. CODE § 22.02(a).

Appeals affirmed the appellant's convictions in an unpublished opinion.[2] The appellant now raises one issue for our review. Finding that the Court of Appeals reached the correct conclusion, but that it did so using an incorrect standard from one of our prior cases, we affirm the judgments of the lower courts and overrule our earlier opinion in *Ross v. State*.[3]

## I. BACKGROUND

The appellant and his girlfriend, Kelly West, went to a punk-rock nightclub in Dallas to see a band perform on the evening of January 10, 2007. West's ex-boyfriend, Brent Stephenson, was the bouncer at the club. After a disagreement with one of the appellant's friends, Stephenson forcefully removed the friend from the club. When the friend attempted to re-enter, a fight ensued, during which the appellant and the friend stabbed multiple people. West witnessed the fight.

At trial, the appellant advanced a theory of self-defense. In support, he sought to compel West's testimony. She refused to testify, citing her Fifth Amendment privilege against self-incrimination. Before the State rested its case-in-chief, the court held a hearing outside the presence of the jury in which West's testimony was discussed. She was represented by an attorney, who conveyed to the trial court that West did not intend to testify for fear of incriminating herself as a party to the offense. After the appellant's attorney proffered West's expected testimony, West's attorney again stated that West did not wish to testify. Specifically, West's attorney stated that, though he trusted that the appellant's attorney would only question West on the subjects proffered, he was also aware of a sworn statement by another witness

---

[2] *Walters v. State*, Nos. 05-08-01244-CR & 05-08-01245-CR, 2010 WL 4983552, 2010 Tex. App. LEXIS 9694 (Tex. App.–Dallas Dec. 9, 2010) (not designated for publication).

[3] 486 S.W.2d 327 (Tex. Cr. App. 1972)

alleging that West had screamed, "Get him, baby .... Stab him," during the melee. Afraid that if West took the stand it might "open the door for everything and could include potentially incriminating herself," West's attorney said that West would assert her Fifth Amendment privilege against self-incrimination "out of [an] abundance of caution." The trial court ruled that it would "respect [West's] assertion of her right not to testify."

The appellant's attorney then asked that West be compelled to testify only to her relationship with the appellant, to her previous relationship with the club's bouncer, Stephenson, and to threats Stephenson had made to the appellant weeks prior to the fight. The trial court instructed West to take the stand outside the presence of the jury, where, after providing her name, age, and confirming that she knew the appellant, she refused to answer any further questions under her Fifth-Amendment privilege against self-incrimination. The trial court ruled that it would not require West "to testify further."

The Fifth Court of Appeals affirmed the conviction, citing *Ross v. State*.[4] The Court held, "Because West's refusal to testify was asserted on the advice of her attorney, the trial court was not required to question West or make any further determination."[5] We granted review of the issue, "Is a court's refusal to compel testimony from a defense witness based on her invocation of her 5th Amendment rights without a determination of a reasonable basis for 'a real and substantial fear of prosecution' a violation of Petitioner's rights to due process and due course of law?"

## II. DISCUSSION

### A. United States Supreme Court Decisions

---

[4] *Id*.

[5] *Walters*, 2010 Tex. App. LEXIS 9694, at *4.

The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, provides that, "no person … shall be compelled in any criminal case to be a witness against himself."[6] This privilege extends not only "to answers that would in themselves support a conviction … but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant."[7] "It need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."[8]

Trial courts are not to simply take the word of potential witnesses who claim to fear prosecution. In *Ohio v. Reiner*, the Supreme Court held that a danger of "imaginary and unsubstantial character" will not suffice.[9] Rather, trial courts are required to inquire into the source and reasonableness of that fear.[10] The trial judge, in appraising the claim, "must be governed by his personal perceptions of the peculiarities of the case as by the facts actually in evidence."[11] Though innocence is no impediment to asserting the Fifth Amendment privilege, the privilege's protection extends only to witnesses who have "reasonable cause to apprehend danger from a direct answer."[12]

---

[6] U.S. CONST. amend. V; *Malloy v. Hogan*, 378 U.S. 1, 6 (1964).

[7] *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (quoting *Hoffman v. United States*, 341 U.S. 479, 486 (1951)).

[8] *Hoffman*, 341 U.S., at 486-87.

[9] 532 U.S., at 21 (citing *Mason v. United States*, 244 U.S. 362, 366 (1917)).

[10] *Id*. ("We have held that the privilege's protection extends only to witnesses who have 'reasonable cause to apprehend danger from a direct answer.' That inquiry is for the court; the witness' assertion does not by itself establish the risk of incrimination. A danger of 'imaginary and unsubstantial character' will not suffice." (quoting *Hoffman*, 341 U.S., at 486)).

[11] *Hoffman*, 341 U.S., at 486-87.

[12] *Id*., at 486.

## B. Texas Law

In large part, the opinions of this court on the subject of the Fifth Amendment privilege have followed the law as provided by the United States Supreme Court.[13] A notable exception – and, according to the appellant, an incorrect exception – was our opinion in *Ross.* In *Ross*, the defendant called a witness who, after consulting with his attorney, declined to testify on the grounds that to do so might incriminate him.[14] We held, both succinctly and without citing to any authority, that if a witness asserted her Fifth Amendment privilege against self-incrimination on the advice of counsel, "[n]othing further [is] required of the court."[15]

## C. Arguments and Analysis

The appellant argues that the Court of Appeals should not have followed our opinion in *Ross*. He reasons that the Court of Appeals erred in failing to "take into account the [United States] Supreme Court's requirement that the trial court needed to make a determination of whether the witness asserting her Fifth Amendment right was indeed putting herself in 'real danger' of incrimination by answering the proffered question." Further, the appellant argues that *had* the trial court made the necessary inquiry, it would have discovered that the witness was in no real danger of incriminating herself.

The State presents two responses to this argument. First, the State argues that the trial court did, in fact, make the requisite inquiry: "Indeed, the trial court made as much of an inquiry as was possible while protecting [the witness's] right against self-incrimination and the privileged

---

[13] *See, e.g., Reese v. State*, 877 S.W.2d 328 (Tex. Cr. App. 1994); *Grayson v. State*, 684 S.W.2d 691 (Tex. Cr. App. 1984).

[14] *Id*., at 328.

[15] *Id*.

nature of her conversations with her attorney." Next, the State argues that, regardless, the Court of Appeals's reasoning was sound in upholding the appellant's conviction, because West faced a "legitimate risk of self-incrimination." The State does not address the appellant's argument that our decision in *Ross* runs contrary to United States Supreme Court authority.

We agree with the appellant that our earlier opinion in *Ross* conflicts with United States Supreme Court case law. In *Reiner*, the Supreme Court plainly stated that a witness's assertion of the privilege against self-incrimination was, by itself, insufficient, and that the trial court was required to inquire into the reasonableness of such an assertion.[16] Our *Ross* opinion, then, stating that any assertion provoked by the advice of counsel was sufficient, offers inadequate protection to a defendant who seeks to compel a witness's testimony. To bring our interpretation of the federal Constitution in line with that of the Supreme Court of the United States, we must overrule *Ross,* and hold that a trial court is required to make an inquiry into the reasonableness of a witness's assertion of the Fifth Amendment privilege against self-incrimination.

We agree with the State, however, that the trial court did, in fact, make the requisite inquiry in compliance with Supreme Court's decisions. A hearing was held outside the presence of the jury at which the State proffered West's expected testimony, and at which West's attorney explained that West feared incriminating herself in the face of evidence indicating that she may have encouraged the stabbing. This would seem, as the State notes, to be about "as much of an inquiry as was possible while protecting Ms. West's right against self-incrimination and the

---

[16] 532 U.S., at 21 ("That inquiry is for the court; the witness' assertion does not by itself establish the risk of incrimination."); *see also Hoffman*, 341 U.S., at 486 ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, and to require him to answer if it clearly appears to the court that he is mistaken." (citations and quotations omitted)).

privileged nature of her conversation with her attorney."[17] The trial court's inquiry into the reasonableness of West's invocation of her Fifth Amendment privilege was sufficient to establish the risk of incrimination.

### III. CONCLUSION

The Court of Appeals's judgment affirming the appellant's conviction was correct because the trial court's inquiry into the witness's assertion of the privilege was sufficient. We overrule our earlier opinion in *Ross v. State* and affirm the judgments of the courts below.

Delivered December 7, 2011.
Publish.

---

[17] *See, e.g., United States v. Washington*, 318 F.3d 845, 856-857 (8th Cir. 2003) (trial court did not abuse its discretion in upholding a witness's claim of privilege where the judge questioned the witness's counsel outside the presence of the jury, the witness's counsel explained that his client was worried about the possibility of future drug charges and about the answers he might be forced to give upon cross-examination, and the defendant's counsel was allowed to attempt to question the witness); *United States v. Castro,* 129 F.3d 226 (1st Cir. 1997) (trial court did not abuse its discretion in upholding a witness's claim of privilege after defense counsel proffered expected testimony from that witness, followed by the witness's taking the stand, outside the presence of a jury, and invoking his Fifth Amendment privilege).