

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00116-CR

**JIMMY LEE GARCIA,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F49872**

## MEMORANDUM OPINION

Jimmy Lee Garcia was convicted of possession of a controlled substance and, after the jury found two enhancement paragraphs to be true, was sentenced to life in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017). Because the evidence was sufficient to prove Garcia possessed methamphetamine, the trial court conducted a sufficient inquiry into the reasonableness of prospective witnesses' assertions of a Fifth Amendment privilege, and the trial court did not abuse its discretion in admitting certain

evidence, the trial court's judgment is affirmed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Garcia contends the evidence was insufficient to support a conviction for possession of a controlled substance. Specifically, Garcia argues the evidence was insufficient to prove he possessed the methamphetamine.

### *Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency of the evidence issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the

prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Possession and Affirmative Links*

To prove unlawful possession of any controlled substance, "the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband."[1] *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2017) ("'Possession' means actual care, custody, control, or management."). Possession is not required to be exclusive. *See Evans*, 202 S.W.3d at 162 n.12. When a defendant is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must affirmatively link the defendant to the substance in such a way that it can reasonably be concluded that the defendant

---

[1] Garcia does not contest that he knew the substance was contraband. His focus is on whether he exercised control, management, or care over the substance.

possessed the substance and had knowledge of it. *Poindexter v. State*, 153 S.W.3d 402, 406

(Tex. Crim. App. 2005); *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.]

2010, pet. ref'd). In other words, the evidence "must establish, to the requisite level of

confidence, that the accused's connection with the [contraband] was more than just

fortuitous," which may be established by direct or circumstantial evidence. *Brown v. State*,

911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Evidence of any number of factors may help establish the connection between the

defendant and the contraband. *Evans*, 202 S.W.3d at 162 n.12. (listing 14 non-exclusive

factors). Not all of the factors must be proved; rather, it is the cumulative logical force

the evidence has in proving possession that we must consider. *See James v. State*, 264

S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Additionally, the

absence of evidence of some of the factors is not evidence of innocence that must be

weighed against the factors that are present. *See id*. Rather, proof of a factor is used to

assess the sufficiency of the evidence linking the defendant to the knowing possession of

contraband. *See e.g*., *Roberson v. State*, 80 S.W.3d 730, 735-36 (Tex. App.—Houston [1st

Dist.] 2002, pet. ref'd); *Allen v. State*, 249 S.W.3d 680, 694 n.13 (Tex. App.—Austin 2008, no

pet.) (explaining that presence or absence of factors "aid appellate courts in determining

the legal sufficiency of the evidence in knowing possession of contraband cases").

Ultimately, the inquiry is whether, based on the combined and cumulative force of the

evidence and any reasonable inferences therefrom, a jury was rationally justified in

finding guilt beyond a reasonable doubt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016).

*Relevant Facts/Application*

Although Garcia was not in exclusive possession of the premises where the methamphetamine was found, there was sufficient evidence to link him to it. The record reflects that officers for the Cleburne Police Department arrived at an apartment to arrest two people, Randy Pullen and Kendra Shelby, on felony warrants. Upon initially seeing Officer Davenport within a few feet outside the apartment door, Garcia suddenly went back inside the apartment, walked quickly to the sole bedroom which was very small, sat down on a chair in the corner of the room while facing the doorway to the bedroom. Shelby followed Garcia into the bedroom and briefly stood by an aquarium before being ordered out of the bedroom by Officer Davenport.

While seated in the bedroom, Garcia reached behind him toward the floor where two of the drug exhibits, a glass vial containing 2.37 grams of methamphetamine and a yellow baggie containing .08 grams of methamphetamine, were located. The third drug exhibit, a blue baggie containing .14 grams of methamphetamine, was also found in the bedroom by an aquarium within a few steps from where Garcia was sitting. Drug paraphernalia was also located on the floor under the chair where Garcia was sitting. That paraphernalia included syringes, alcohol wipes, a rubber tourniquet, a digital scale, and a metal measuring spoon.

Two bags/backpacks within arm's reach of the chair where Garcia was sitting in the bedroom were determined to belong to Garcia. Drug paraphernalia, including needles and three empty yellow plastic baggies similar to the yellow plastic baggie found beneath the chair on which Garcia was sitting, was discovered inside one of the bags.

In reviewing this evidence in the light most favorable to the verdict, we find that the evidence was sufficient for the jury to find Garcia guilty of possessing the methamphetamine. Garcia's first issue is overruled.

**FIFTH AMENDMENT PRIVILEGE**

In his second issue, Garcia contends the trial court failed to conduct a sufficient inquiry into the reasonableness of David Curtis's and Kendra Shelby's assertion of the Fifth Amendment privilege against self-incrimination.

The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, provides that, "no person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; *Walters v. State*, 359 S.W.3d 212, 215 (Tex. Crim. App. 2011). This privilege extends not only to answers that would in themselves support a conviction, but also includes those which would furnish a link in the chain of evidence needed to prosecute the claimant. *Walters*, 359 S.W.3d at 215. "[I]t need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S.

479, 486-87, 71 S. Ct. 814, 95 L. Ed. 1118 (1951); *Walters*, 359 S.W.3d at 215.

Trial courts are not to simply take the word of potential witnesses who claim to fear prosecution. *Walters*, 359 S.W.3d at 215. Rather, trial courts are required to inquire into the source and reasonableness of that fear. *Id*. The trial judge, in appraising the claim, "must be governed as much by his personal perceptions of the peculiarities of the case as by the facts actually in evidence." *Hoffman*, 341 U.S. at 487; *Walters*, 359 S.W.3d at 215.

*Relevant Facts*

After the State rested its case, Garcia sought to compel the testimony of David Curtis and Kendra Shelby. Both prospective witnesses were subpoenaed to appear in court and appeared with counsel. Both asserted their Fifth Amendment privilege. In separate hearings outside the presence of the jury, Garcia proposed the questions he would ask of each witness. As to Curtis, Garcia would ask: (1) whether Curtis was depicted in State's Exhibit No. 11; (2) whether his bedroom was depicted in State's Exhibit No. 4; and (3) if anyone else slept in the bedroom depicted in State's Exhibit No. 4. As to Shelby, Garcia wanted to ask: (1) whether she was at the apartment on the date of Garcia's arrest; (2) whether she recognized State's Exhibit No. 4, a photograph of the bedroom; and (3) whether she was in the bedroom on the date of Garcia's arrest. He also wanted to ask Shelby to: (1) identify the backpacks depicted in State's Exhibit 15; (2) identify the backpacks in State's Exhibit 6; (3) confirm that she told Officer Davenport

that the methamphetamine found was Garcia's; and (4) confirm that in consideration for this information, she was not charged with possession of methamphetamine. Both Curtis's and Shelby's attorney's explained to the Court that based on these questions, their clients would invoke their right not to testify.

*Application*

The statute of limitations for the offense had not run. Thus, both Curtis and Shelby could expose themselves to prosecution if they answered Garcia's questions a certain way. Curtis was the person who rented the apartment. It was his bedroom in which the drugs and paraphernalia were found. Shelby followed Garcia into the bedroom when the police arrived. She stood by the aquarium where the blue baggie of methamphetamine was found. Further, if Shelby identified any of the "backpacks" as belonging to her, she could also be charged with possession of drug paraphernalia.

The trial court's inquiry need not be more than what occurred in this case. *See Walters v. State*, 359 S.W.3d 212, 216-217 (Tex. Crim. App. 2011). The questions propounded, the argument of counsel, and the testimony in evidence, were sufficient to establish the fear of incrimination for both Curtis and Shelby. Accordingly, after reviewing the record, we hold the trial court conducted a sufficient inquiry into the reasonableness of Curtis's and Shelby's invocation of the Fifth Amendment privilege. Garcia's second issue is overruled.

**RULES 401 AND 403**

In his third, and final, issue, Garcia asserts that the trial court erred in admitting into evidence the digital scales located in the same area as the methamphetamine for which Garcia was charged with possessing. Specifically, Garcia argues that the scales were irrelevant and the probative value of admitting the scales was substantially outweighed by the danger of unfair prejudice.

*Standard of Review*

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard and uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). If the ruling was correct on any theory of law applicable to the case, we must uphold the judgment. *See Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

*Rule 401-Relevance*

Evidence is relevant if it has any tendency to make the existence of "any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

Garcia actively contested the possession element of the offense. And while not actively contested, the State was, nevertheless, also required to prove Garcia knew the substance was contraband. Whether "other contraband or drug paraphernalia were

present" is included in the list of evidentiary factors which may be used to prove a person's possession of contraband. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Thus, evidence of a digital scale, which Officer Davenport stated could be used by drug users and drug dealers, tended to make Garcia's possession of the methamphetamine more probable, and thus, was relevant.

*Rule 403-Probative Value*

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…" TEX. R. EVID. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). In considering a Rule 403 objection, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284. All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value, in other words, the evidence is unfairly prejudicial, that Rule 403 is applicable. *Id*.; *see Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991, op. on rhg).

The presence of the scale underneath the chair where Garcia was sitting, along with the drugs and paraphernalia located in the small space of the room, strengthens the inference that Garcia was in possession of the methamphetamine. Thus, the evidence was necessary and probative. The evidence did not consume an inordinate amount of time to present and was not repetitive of evidence already admitted. That the jury might think that Garcia was a drug dealer because a digital scale was introduced into evidence was minimal, especially in light of the other types of paraphernalia, such as syringes, needles, a tourniquet, and alcohol wipes, which suggested Garcia used drugs, that were located near the scale and also in a bag belonging to Garcia.

Based on our review of the record, the trial court, after balancing the various Rule 403 factors, could have reasonably concluded that the probative value of the digital scale was not substantially outweighed by the danger of unfair prejudice.

Accordingly, the trial court did not abuse its discretion in admitting the digital

scale into evidence, and Garcia's third issue is overruled.

**CONCLUSION**

Having overruled each issue presented by Garcia, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 11, 2018
Do not publish
[CRPM]

